IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION


THOMAS H. SOUTHARD                                            PLAINTIFF


V.                                              CIVIL ACTION NO.1:09CV142-SAA


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                               DEFENDANT


**MEMORANDUM OPINION**

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Thomas H. Southard, for a period of disability (POD) and disability insurance benefits (DIB) under Sections 216(i) and 223 of the Social Security Act and for supplemental security income (SSI) payments under Section 1614(a)(3) of the Act. Because both parties have consented to have a magistrate judge conduct all the proceedings in this case in accordance with the provisions of 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

Plaintiff applied for benefits on July 31, 2007, alleging that he became disabled June 22, 2007 due to hypertension, irritable bowel syndrome (IBS), gastroesophageal reflux disease (GERD), dysthymic disorder and anxiety disorder. The plaintiff's claims were denied initially and on reconsideration. Plaintiff requested an administrative hearing, which was held on October

1

14, 2008.  On December 23, 2008, the ALJ issued an unfavorable decision, and plaintiff properly filed a request for review with the Appeals Council.  On March 27, 2009, the Appeals Council denied plaintiff's request for review.  The timely filed instant appeal is ripe for review.

**FACTS**

The plaintiff was born in 1957, was fifty-one at the time of his hearing before the ALJ, and had completed high school.  (Tr. 16).  His past relevant work was as a crane operator and a draw bench operator.  (Tr. 16, 36-37).

The ALJ determined that the plaintiff suffers from "severe" impairments, including hypertension, IBS, GERD, dysthmic disorder and anxiety disorder (Tr. 10), but determined that these impairments, either singly or in combination, do not meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1.  (Tr. 13).  The ALJ found that the plaintiff retains the Residual Functional Capacity (RFC) to "lift/carry up to 50 pounds occasionally and up to 25 pounds frequently; stand/walk for up to six hours in an eight-hour workday; sit for a total of six hours in an eight-hour workday.  Additionally the claimant is limited to jobs that do not demand attention to detailed or complicated job instructions or job tasks."  (Tr. 14).  Upon further analysis under applicable rulings and regulations, the ALJ determined that the plaintiff was less than fully credible in that his claimed symptoms, stated limitations and subjective complaints are inconsistent with the medical evidence.  *Id.*  After evaluating all of the evidence in the record, including testimony of both the plaintiff and a vocational expert (VE) at the hearing, the ALJ held that the plaintiff is unable to perform his past relevant work.  (Tr. 15 - 16).  Nevertheless, considering plaintiff's age, education, work experience and RFC, and using the Medical-Vocational Guidelines, 20 CFR Part 404, Subpart P, Appendix 2, as a framework, the ALJ

determined that there are jobs that exist in significant numbers in the national economy that the plaintiff can perform, and he is not disabled under the Social Security Act. (Tr. 16-17).

On appeal to this court plaintiff alleges that the ALJ and Appeals Council failed to consider all relevant medical evidence and erred in failing to give proper weight to the treating physician's opinion resulting in a flawed or erroneous RFC determination.

## **STANDARD OF REVIEW**

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining his burden at each of the first four levels then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove he is not currently engaged in substantial gainful activity.[3] Second, the plaintiff must prove his impairment is "severe" in that it "significantly limits his physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude the plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2003).[5] If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

[2] *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991).

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2003).

[4] 20 C.F.R. §§ 404.1520, 416.920 (2003).

[5] 20 C.F.R. § 404.1520(d), 416.920 (2003). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. §§ 404.1525, 416.925 (2003).

and mental demands of his past relevant work.[6] At step five the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[7] If the Commissioner proves other work exists which the plaintiff can perform, the plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence, and whether the Commissioner used the correct legal standard. *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). "To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a scintilla but it need not be a preponderance . . . ." *Anderson v. Sullivan,* 887 F.2d 630, 633 (5th Cir. 1989) (citation omitted). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994) (citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971)).

The ALJ concluded at step three that although plaintiff had severe impairments, they did not meet or equal any impairment listed at 20 CFR pt. 404, subpt. P, app. 1 (2008), including Listing 4.02 or 4.04 for cardiac impairments, any of the Listings at section 5.01 relating to digestive system impairments and plaintiff's IBS and GERD, Listing 12.04 or 12.06 for plaintiff's dysthymic disorder and anxiety disorder. (Tr. 13-14). The plaintiff's argument

---

[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2003).

[7] 20 C.F.R §§ 404.1520(f)(1), 416.920(f)(1) (2003).

[8] *Muse*, 925 F.2d at 789.

4

focuses on the ALJ's determination that the opinions of plaintiff's treating physician Dr. Clint Washington were not entitled to controlling weight. (Tr. 28 - 31).

## **DISCUSSION**

### **The Appeals Council's denial of review of the ALJ's decision**

Substantial evidence, says the Fifth Circuit, is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994) (citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971)). Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).

In this case plaintiff's treating physician, Dr. Washington, submitted an incomplete medical source statement, not marking any of the limitations on the form. Instead he wrote the following statement at the bottom of the unsigned form:

> To whom it may concern:
>     I agree 100% that pt. is disabled due to his anxiety and depression. I also feel he is sincere about his physical disabilities, but due to lack of insurance, he has <u>not</u> been able to get appropriate testing.
>     Current diagnoses include poor vision, anxiety, depression, back pain, IBS, GERD, HTN, CP (CAD), abd. pain.
> Thanks,
> /s/ C. Washington

(Tr. 242).

At the October 14, 2008 hearing, the ALJ specifically explained to plaintiff and his

counsel that a treating physician's statement or opinion of disability that a claimant "is disabled" is not a medical opinion but a legal conclusion which is reserved to the Commissioner of Social Security, and an ALJ may reject such an opinion. (Tr. 29); *see Frank v. Barnhart* 326 F.3d 618, 620 (5th Cir. 2003) (physician's opinion that a claimant is "unable to work" is given little weight because determination of disability is a legal, rather than medical, conclusion reserved to the Commissioner). Further, the ALJ noted that even though plaintiff had seen Dr. Washington for dental issues, mental problems and other physical problems, Dr. Washington is neither a dentist nor a mental health specialist. (Tr. 30). Finally, the ALJ found that Dr. Washington's expressed opinion was inconsistent with his progress notes. *Id.*

Plaintiff refers the court to Dr. Richard Russell, who opined that plaintiff had "a multitude of medical problems, which the summation of these combined symptoms is probably disabling. I don't believe his symptomology will improve." (Tr. 218-219). Although plaintiff classifies Dr. Russell as a treating source, the medical records in evidence show that plaintiff saw Dr. Russell only once – on October 25, 2007, which was, of course, after plaintiff has filed his claim for disabling benefits. *See id.* On that occasion Dr. Russell gave plaintiff a new prescription for erythromycin to treat pyorrhea, but made no assessment of any functional restrictions or abilities. The ALJ gave little weight to Dr. Russell's opinion because a single office visit fails to establish a relationship as a treating source, the doctor's determination that plaintiff was likely disabled was an inappropriate legal rather than medical conclusion, and his treatment notes were not consistent with the record as a whole. (Tr. 11).

Social Security regulations provide that at step three of the sequential evaluation process a plaintiff must prove by objective medical evidence that his impairment, either singly or in

combination with other impairments, meets the stringent requirements set out in the listings. *Selders v. Sullivan*, 914 F.2d 614, 617, 619 (5th Cir. 1990), citing *Sullivan v. Zebley*, 493 U.S. 521, 110 S.Ct. 885, 891-92 (1990); 20 C.F.R. §404.1526(a) (claimant bears the burden of showing medical findings that he meets each element of the listing.). Plaintiff contends that the ALJ erred in declining to credit the opinions of Drs. Washington and Russell. The ALJ chose instead to give controlling weight to the opinions of consultative examining physician Dr. Paul Byers and consultative examining clinical psychologist Joe Edward Morris. Reading the record as a whole, the court concludes that the ALJ's opinion is supported by substantial evidence and should be affirmed.

State agency physician Dr. Robert Culpepper submitted a physical residual functional capacity assessment on August 27, 2007 after reviewing plaintiff's records; he assessed plaintiff's limitations as "not severe." (Tr. 209). Dr. Morris examined plaintiff on June 26, 2008, and determined that plaintiff has "probable dysthymia and probable generalized anxiety," as well as "mild to moderate depression" (Tr. 227-228), but that he does not have "symptoms indicating panic disorder with or without agoraphobia," and despite any mental impairments, he "does not appear to be significantly dysfunctional or impaired and on that basis would be able to perform routine repetitive work-related tasks." *Id.* Physician Dr. Paul Byers examined the plaintiff on July 12, 2008; he found that plaintiff had "no decreased range of motion" (Tr. 234) and was able to lift/carry 50 pounds occasionally and 25 pounds frequently, his standing and walking were not affected, his sitting was not affected, he could only occasionally climb due to uncontrolled hypertension and had no other physical or environmental restrictions. (Tr. 236-238).

The Fifth Circuit has held that generally "a treating physician's opinion on the nature and

7

severity of a patient's impairment will be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with . . . other substantial evidence." *Martinez v. Chater*, 64 F.3d 172, 175-76 (5th Cir. 1995); see also 20 C.F.R. § 404.1527(d)(2). Although the treating physician's opinion and diagnosis should be afforded considerable weight in determining disability, "the ALJ has sole responsibility for determining a claimant's disability status." *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990). "'[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion.'" *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987) (citation omitted). Good cause may exist to allow an ALJ to discount the weight of evidence of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence. *Newton v. Afpel*, 209 F.3d 448, 456 (5th Cir. 2000).

The standards submitted by plaintiff governing the weight to be given a treating physician's opinions and the ALJ's duty to give deference to them are correct. However, an ALJ may properly afford lesser weight to the medical opinions of a treating physician, if he "perform[s] a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)." *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000). *Newton* requires remand where the ALJ rejects the sole relevant medical opinion in the record. *Qualls v. Astrue* 2009 WL 2391402, *5 (5th Cir. 2009). In *Newton*, unlike this case, "the ALJ summarily rejected the opinions of [plaintiff's] treating physician, based only on the testimony of a non-specialty medical expert who had not examined the claimant." 209 F.3d at 458. The bottom line is that in this case other examining physicians have provided medical evidence relating to plaintiff's

8

functional capacity, and other than Dr. Washington's and Dr. Russell's otherwise unsupported conclusory opinions, there are simply no indications in the medical records that the plaintiff has limitations which would restrict him to less than medium work.

Social Security Administration Regulations provide that SSA "will always give good reasons in [its] notice of determination or decision for the weight [it gives the claimant's] treating source's opinion." The regulation is construed in SSR 96-2p, which states:

> [A] finding that a treating source medical opinion is not well supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.927.

SSR 96-2p. Accordingly, an ALJ must provide appropriate explanations when he declines to afford controlling weight to the treating physician's opinions. *Id.*

The ALJ did so here. He clearly reviewed and relied upon Dr. Washington's and Dr. Russell's own records in rejecting their opinions. These records are addressed in the decision, along with all other medical evidence. It was these factors and the record as a whole, including hearing testimony by the plaintiff and the VE, that led the ALJ to give lesser weight to plaintiff's treating physicians' opinions. An ALJ is afforded discretion when reviewing facts and evidence, but he is not qualified to interpret raw medical data in functional terms. *Perez v. Secretary of Health and Human Services*, 958 F.2d 445, 446 (1st Cir. 1991) (citations omitted); *see Richardson v. Perales*, 402 U.S. 389, 408 (1971) (upholding the use of testimony from vocational expert because the ALJ is a layman). Although he did not expressly delineate each individual factor, the ALJ did discuss the factors necessary to be addressed before affording

9

lesser weight to a treating physician and properly determined that there was good cause for doing so with respect to Drs. Washington and Russell. *Qualls,* 2009 WL 2391402, *5 (5th Cir. 2009). Considering all of the evidence in the record, including plaintiff's symptoms and assessment of daily living activities, the VE's testimony and applicable regulations, the ALJ determined that the plaintiff was not under a disability as defined by the Act. The medical evidence supports the ALJ's RFC and his determination that plaintiff is not disabled.

## **CONCLUSION**

After diligent review, the court holds that the ALJ's decision was supported by substantial evidence and therefore must be affirmed. A final judgment will issue this day.

THIS, the 7th day of June, 2010.

    /s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE